USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 3, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

-against-

HENRY MORRIS, et al.,

              Defendants.

09 Civ. 2518 (KPF)

---

## FINAL CONSENT JUDGMENT AS TO DEFENDANT DAVID LOGLISCI

The Securities and Exchange Commission ("Commission") having filed a Third Amended Complaint ("Complaint"), and defendant David Loglisci ("Loglisci") having entered a general appearance; consented to the Court's jurisdiction over defendant Loglisci and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Loglisci and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to

defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Loglisci and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) or 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)], by using any means or instrumentality of interstate commerce to: (a) employ any device, scheme or artifice to defraud any client or prospective client; (b) engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or (c) engage in any act, practice or course of business which is fraudulent, deceptive or manipulative.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that based on the sentence that defendant Loglisci received pursuant to his guilty plea in The People of the State of New York v. David Loglisci, Indictment No. 25/2009, in which defendant Loglisci was criminally charged with engaging in the same conduct that is alleged in the Commission's Complaint, and his cooperation with criminal authorities therein, the Court is not ordering defendant Loglisci to pay a civil penalty.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant Loglisci shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   March 3, 2014         SO ORDERED.
         New York, New York

                               *Katherine Polk Failla*

                               HON. KATHERINE POLK FAILLA
                               UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    -against-                               09 Civ. 2518 (KPF)

HENRY MORRIS, et al.,

                Defendants.

---

### CONSENT OF DEFENDANT DAVID LOGLISCI

1. Defendant David Loglisci ("Loglisci") acknowledges having been served with a summons and the Third Amended Complaint ("Complaint") in this action, enters a general appearance, and consents to the Court's jurisdiction over defendant Loglisci and over the subject matter of this action.

2. Defendant Loglisci has pleaded guilty to criminal conduct relating to the matters alleged in the Complaint in this action. Specifically, in The People of the State of New York v. David Loglisci, Indictment No. 25/2009 ("Parallel Criminal Action"), defendant Loglisci pled guilty to a felony violation of the Martin Act, New York General Business Law § 352-c(6), before the Supreme Court of the State of New York, County of New York.

3. Defendant Loglisci hereby consents to the entry of the final Judgment in the form attached hereto ("Final Judgment") and incorporated by reference herein, which, among other things, (a) permanently restrains and enjoins defendant Loglisci from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and (2) of the Investment Advisers Act

2

of 1940 [15 U.S.C. § 80b-6(1) and (2)]; and (b) based on the sentence that defendant Loglisci received pursuant to his guilty plea in the Parallel Criminal Action, and his cooperation with criminal authorities therein, does not order defendant Loglisci to pay a civil penalty.

4. Defendant Loglisci waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant Loglisci waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant Loglisci enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce defendant Loglisci to enter into this Consent.

7. Defendant Loglisci agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant Loglisci will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant Loglisci waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendant Loglisci of its terms and conditions. Defendant Loglisci further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that defendant Loglisci has received and read a copy of the Final Judgment.

3

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against defendant Loglisci in this civil proceeding. Defendant Loglisci acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Loglisci waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Loglisci further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, defendant Loglisci understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant Loglisci understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, defendant Loglisci acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation

4

in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendant Loglisci hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If defendant Loglisci breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects defendant Loglisci's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant Loglisci hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendant Loglisci to defend against this action. For these purposes, defendant Loglisci agrees that defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant Loglisci agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

5

14. Defendant Loglisci agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/22/12

_____
David Loglisci

On December, 22, 2012 David Loglisci, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 2/28/2016

HENRY J. PALOMINO
Notary Public
State of Connecticut
My Commission Expires February 28, 2016

6