USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 3, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

 -against-

HENRY MORRIS, et al.,

      Defendants.

---

09 CIv. 2518 (KPF)

### FINAL CONSENT JUDGMENT AS TO DEFENDANTS HENRY MORRIS, NOSEMOTE LLC AND PANTIGO EMERGING LLC

The Securities and Exchange Commission ("Commission") having filed a Third Amended Complaint ("Complaint"), and Defendants Henry Morris ("Morris"), Nosemote LLC and Pantigo Emerging LLC (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that each of the Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device,

scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that each of the Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that each of the Defendants and their agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from violating, directly or indirectly,

Sections 206(1) or 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and (2)], by using any means or instrumentality of interstate commerce to: (a) employ any device, scheme or artifice to defraud any client or prospective client; (b) engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or (c) engage in any act, practice or course of business which is fraudulent, deceptive or manipulative.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of Defendant Morris' forfeiture of $19,000,000 in conjunction with his guilty plea before the Supreme Court of the State of New York, County of New York, in <u>The People of the State of New York vs. Henry "Hank" Morris</u>, Indictment No. 25/2009 ("Parallel Criminal Action"), in which Defendant Morris was criminally charged with engaging in the same conduct that is alleged in the Commission's Complaint, Defendants are not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains received as a result of conduct alleged in the Complaint.

### V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that based on the sentence Morris received pursuant to his guilty plea in the Parallel Criminal Action, which included a term of imprisonment of 16 to 48 months, the Court is not ordering Defendants to pay a civil penalty.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:    March 3, 2014           SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  -against-            09 Civ. 2518 (KPF)

HENRY MORRIS, et al.,

      Defendants.

---

## CONSENT OF DEFENDANTS HENRY MORRIS, NOSEMOTE LLC AND PANTIGO EMERGING LLC

1. Defendants Henry Morris ("Morris"), Nosemote LLC and Pantigo Emerging LLC (collectively, "Defendants") acknowledge having been served with a summons and the complaint in this action, enter a general appearance, and consent to the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Defendant Morris has pleaded guilty to criminal conduct relating to the matters alleged in the complaint in this action. Specifically, in <u>The People of the State of New York vs. Henry "Hank" Morris</u>, Indictment No. 25/2009 ("Parallel Criminal Action"), Defendant Morris pleaded guilty to a felony violation of the Martin Act, New York General Business Law section 352-c(6), before the Supreme Court of the State of New York, County of New York.

3. Defendants hereby consent to the entry of the final Judgment in the form attached hereto ("Final Judgment") and incorporated by reference herein, which, among other things, (a) permanently restrains and enjoins Defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R.

1

§ 240.10b-5], and Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and (2)]; (b) in view of Morris' forfeiture of $19,000,000 in conjunction with his guilty plea in the Parallel Criminal Action, in which he was criminally charged with engaging in the same conduct that is alleged in the Commission's Complaint, orders that Defendants are not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains he received as a result of the conduct alleged in the Complaint; and (c) based on the sentence Morris received pursuant to his guilty plea in the Parallel Criminal Action, which included a term of imprisonment of 16 to 48 months, does not order Defendants to pay a civil penalty.

4. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

3

denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants acknowledge the guilty plea for related criminal conduct described in paragraph 2 above, and agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Jan 8, 2013

_____
Henry Morris

On Jan 8, 2013, Henry Morris, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public # 01QU6247957
Commission expires: 08/29/2015

NOSEMOTE LLC

By: _____
Name/Title of Authorized Representative

On Jan 8, 2013, Henry Morris, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Nosemote LLC as its Member.

_____
Notary Public # 01QU6247957
Commission expires: 08/29/2015

5

PANTIGO EMERGING LLC

By: ___Henry Morris___
Name/Title of Authorized Representative

On __Jan 8__, 2012̸¹³, __Henry Morris__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Pantigo Emerging LLC as its __Member__.

_____
Notary Public# 01Qu6247457
Commission expires: 08/19/2015

6