```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 3, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> -against- : <br> : <br> HENRY MORRIS, et al., : <br> : <br> Defendants. : <br> : | 09 Civ. 2518 (KPF) |

---

## FINAL CONSENT JUDGMENT AS TO DEFENDANT JULIO RAMIREZ, JR.

The Securities and Exchange Commission ("Commission") having filed a Third Amended Complaint ("Complaint"), and Defendant Julio Ramirez, Jr. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any

device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) or 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)], by using any means or instrumentality of interstate commerce to: (a) employ any device, scheme or artifice to defraud any client or prospective client; (b) engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or (c) engage in any act, practice or course of business which is fraudulent, deceptive or manipulative.

III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of Defendant's forfeiture of $289,875 in conjunction with his guilty plea before the New York City Criminal Court, County of New York, in The People of the State of New York vs. Julio Ramirez, Jr., Misdemeanor Complaint number M09620814 ("Parallel Criminal Action"), in which Defendant was criminally charged with engaging in the same conduct that is alleged in the Commission's Complaint, Defendant is not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains received as a result of conduct alleged in the Complaint.

2

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that based on the sentence that Defendant received pursuant to his guilty plea in the Parallel Criminal Action, and his cooperation with criminal authorities therein, the Court is not ordering Defendant to pay a civil penalty.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   March 3, 2014         SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  -against-

HENRY MORRIS, et al.,

      Defendants.

09 Civ. 2518 (KPF)

---

## CONSENT OF DEFENDANT JULIO RAMIREZ, JR.

1. Defendant Julio Ramirez Jr. ("Defendant") acknowledges having been served with a summons and the Third Amended Complaint ("Complaint") in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to the matters alleged in the Complaint in this action. Specifically, in The People of the State of New York v. Julio Ramirez, Jr., Misdemeanor Complaint number M09620814 ("Parallel Criminal Action"), Defendant pled guilty to a misdemeanor violation of the Martin Act, New York General Business Law § 352-c(4), before the New York City Criminal Court, County of New York. In connection with that plea, Defendant admitted that between 2003 and 2006, he engaged in a fraudulent scheme to obtain payments from investment management firms seeking to manage investment assets held by the New York State Common Retirement Fund ("Retirement Fund"). Defendant further admitted, among other things, that as a result of these arrangements,

1

Retirement Fund assets were invested with private equity firms and hedge fund managers for the undisclosed purpose of enriching Defendant and others.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto ("Final Judgment") and incorporated by reference herein, which, among other things, (a) permanently restrains and enjoins Defendant from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and (2)]; (b) in view of Defendant's forfeiture of $289,875 in conjunction with his guilty plea in the Parallel Criminal Action, in which he was criminally charged with engaging in the same conduct that is alleged in the Commission's Complaint, orders that Defendant is not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains he received as a result of the conduct alleged in the Complaint; and (c) based on the sentence that Defendant received pursuant to his guilty plea in the Parallel Criminal Action, and his cooperation with criminal authorities therein, does not order Defendant to pay a civil penalty.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In

addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that they shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: JULY 25, 2013

_____
Julio Ramirez, Jr.

On July, 25, 2013, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

See attached notary
_____
Notary Public
Commission expires: Sept. 5, 2014

5

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Los Angeles_

On _July 25, 2013_ before me, _Heidi L Lamb Notary Public_,
(Here insert name and title of the officer)

personally appeared _Julio Ramirez Jr_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Notary Seal)

HEIDI L. LAMB
Commission # 1903085
Notary Public - California
Los Angeles County
My Comm. Expires Sep 5, 2014

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_Consent of Guardian - Julio_
(Title or description of attached document)

_Ramirez Jr_
(Title or description of attached document continued)

Number of Pages _5_ Document Date _7/25/13_

_____
(Additional information)

**CAPACITY CLAIMED BY THE SIGNER**
☒ Individual (s)
☐ Corporate Officer

_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document