USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 3, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                  Plaintiff,

       -against-

HENRY MORRIS, et al.,

                  Defendants.

09 Civ. 2518 (KPF)

## FINAL CONSENT JUDGMENT AS TO DEFENDANTS
## TUSCANY ENTERPRISES LLC AND W INVESTMENT STRATEGIES LLC

Plaintiff Securities and Exchange Commission ("Commission") having filed a second amended complaint ("Complaint") alleging, *inter alia*, that defendants Tuscany Enterprises LLC ("Tuscany") and W Investment Strategies LLC ("W Investment") (collectively the "Defendants") committed and/or aided and abetted violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]; and defendants Tuscany and W Investment, having executed the Consent annexed hereto and incorporated herein, having waived service of the Summons and Complaint and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over them and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, and having

consented to the entry of this Final Consent Judgment As To Defendants Tuscany Enterprises LLC and W Investment Strategies LLC ("Final Judgment"), without further notice:

I.

**IT IS ORDERED, ADJUDGED, AND DECREED** that defendants Tuscany and W Investment and their agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants Tuscany and W Investment and their agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from,

directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants Tuscany and W Investment and their agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from, directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce:

    (a)    employing any device, scheme or artifice to defraud any client or prospective client;

    (b)    engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or

3

(c) engaging in any act, practice or course of business which is fraudulent, deceptive or manipulative,

in violation of Sections 206(1) or 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants Tuscany and W Invesment shall disgorge $3,404,772, representing $3,083,500 they received as a result of the conduct alleged in the Complaint plus prejudgment interest thereon in the amount of $321,272.

Defendants Tuscany and W Investment shall satisfy this obligation by paying $3,404,772 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check or United States postal money order payable to the Clerk of this Court. The foregoing payment shall be accompanied by a cover letter identifying defendants Tuscany and W Investment as defendants in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendants Tuscany and W Investment shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Maureen F. Lewis, U.S. Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, New York, New York 10281. The cover letters also shall contain the investigation name (*In The Matter of New York State Pension Funds*) and the case number assigned by the Commission staff (NY-7827).

By making this payment, defendants Tuscany and W Investment relinquish all legal and

4

equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Defendants.

The Clerk shall deposit the Defendants' payment into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon defendants Tuscany and W Investment and their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Final Judgment with the

5

same force and effect as if fully set forth herein.

### VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

### VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:    March 3, 2014
             New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

## CONSENT OF DEFENDANTS TUSCANY
## ENTERPRISES LLC AND W INVESTMENT STRATEGIES LLC

1.  Defendants Tuscany Enterprises LLC and W Investment Strategies LLC (collectively the "Defendants"), being fully apprised of their rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Final Consent Judgment As To Defendants Tuscany Enterprises LLC and W Investment Strategies LLC ("Final Judgment"), enter a general appearance and admit to the jurisdiction of this Court over them and over the subject matter of this action.

2.  Without admitting or denying the allegations of the Complaint filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction and subject matter, which are admitted, the Defendants hereby consent to the entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which among other things:

    (a) permanently restrains and enjoins the Defendants from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and Sections 206(1) or 206(2) of the Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]; and

    (b) orders the Defendants to disgorge $3,404,772, representing $3,083,500 they received as a result of the conduct alleged in the Complaint plus prejudgment interest thereon in the amount of $321,272.

3.  The Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. The Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. The Defendants acknowledge that any violation of any of the terms of the Final Judgment may place them in contempt of this Court and subject them to civil or criminal sanctions.

6. The Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, agent, or representative of the Commission to induce the Defendants to enter into this Consent.

7. The Defendants acknowledge that they have been informed and understand that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

8. The Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. The Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. The Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to them of its terms and conditions. The Defendants agree to execute and provide to the Commission a

written declaration pursuant to 28 U.S.C. § 1746 acknowledging their receipt of the Final Judgment no later than twenty (20) days after a copy of the Final Judgment has been delivered to their counsel, Alan S. Futerfas, Esq., 260 Madison Avenue, 22nd Floor, New York, New York 10016.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against the Defendants in this civil proceeding. The Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. The Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. The Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, the Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

13. The Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a

sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, the Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, the Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If the Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. The Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, the Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, the Defendants shall (i) at the Commission staff's request upon reasonable notice, and without service of a subpoena, produce documents and appear, or make its directors, officers, partners, members and employees available, for deposition, testimony, or interviews relating to

the subject matter of any such proceeding or investigation at such times and places as the Commission staff designates; (ii) accept service by mail, private delivery service, email or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by the Commission; (iii) appoint their attorney, Alan S. Futerfas, Esq., as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses the Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over them in any United States District Court for purposes of enforcing any such subpoena.

16. The Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. The Defendants agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: May 19, 2009

Tuscany Enterprises LLC

By: _____ /Attorney
Name/Title of Authorized Representative

On May 19, 2009, Alan Futerfas, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Tuscany Enterprises LLC as its _attorney_

11

ELLEN B. RESNICK
Notary Public, State of New York
No. 02RE6095466
Qualified in New York County
Commission Expires Aug. 18, 20 11

_____
Notary Public
Commission expires: August 28, 2011

W Investment Strategies LLC

By: _____
Name/Title of Authorized Representative — Attorney

On May 19, 2009, Alan Futerfas, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of W Investment Strategies LLC as its ___attorney___.

ELLEN B. RESNICK
Notary Public, State of New York
No. 02RE6095466
Qualified in New York County
Commission Expires Aug. 18, 20 11

_____
Notary Public
Commission expires: August 18, 2011

12